IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

SEAN WILLIAM LEE                                                                         PETITIONER

v.                              NO. 2:18-cv-00075 JM/PSH

GENE BEASLEY, Warden, FCI-Forrest City                                      RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

The record reflects that in December of 2005, petitioner Sean William Lee ("Lee") pleaded guilty in the United States District Court for the Western District of Tennessee ("Western District of Tennessee") to using a computer/telephone system for

the purposes of persuading a minor to engage in sexual acts. Because Lee had four prior convictions from the State of Tennessee for attempted aggravated sexual battery, he was sentenced as a "repeat sex offender" to the Federal Bureau of Prisons ("BOP") for a term of 188 months imprisonment. See Docket Entry 1 at CM/ECF 32. He was also sentenced to a lifetime on supervised release. He appealed his sentence and challenged one of the conditions of his supervised release. The United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") dismissed the appeal without prejudice because his claim was not ripe for review. See United States v. Lee, 502 F.3d 447 (6th Cir. 2007).

Lee thereafter began a series of legal proceedings in the Western District of Tennessee and the United States District Court for the Eastern District of Arkansas ("Eastern District of Arkansas") in which he challenged his guilty plea and sentence. In July of 2013, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 in the Western District of Tennessee. See Docket Entry 1 at CM/ECF 32. In the motion, he challenged the effectiveness of his trial attorney's representation and the prosecutor's conduct before the grand jury. Lee also maintained that he is actually innocent. The motion was denied because it was not timely, and he failed to present a valid reason for tolling the limitations period. The Sixth Circuit subsequently denied a certificate of appealability, and the United States Supreme Court denied his request for a writ of certiorari.

In March of 2015, Lee filed a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 in the Western District of Tennessee but withdrew it. He then filed a motion for authorization with the Sixth Circuit. See Docket Entry 1 at CM/ECF 32. In the motion, he asked that he be allowed to file a second or successive

motion pursuant to 28 U.S.C. 2255 on the ground that his sentence was unconstitutional in light of Johnson v. United States, --- U.S. ---, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). See Docket Entry 1 at CM/EF 32. The motion for authorization was denied.

In October of 2016, Lee filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 in the Eastern District of Arkansas. See Lee v. Rivera, 2:16-cv-00144 JM/PSH. In the petition, he maintained that a change in the law rendered his sentence invalid. United States District Judge James M. Moody, Jr., dismissed the petition because Lee did not obtain permission from the Sixth Circuit to file the petition. The United States Court of Appeals for the Eighth Circuit summarily affirmed, and the United States Supreme Court denied his request for a writ of certiorari. See Lee v. Rivera, 2017 WL 1217222 (E.D.Ark. 2017), report and recommendation approved, 2017 WL 1217164 (E.D.Ark. 2017), aff'd, 2017 WL 4535950 (8th Cir. 2017), cert. denied sub nom., Lee v. Beasley, --- U.S. ---, 138 S.Ct. 2662, 86 USLW 3629 (2018).

In November of 2016, Lee filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 in the Eastern District of Arkansas. See Lee v. Rivera, 2:16-cv-00162 JM/PSH. In the petition, he maintained, inter alia, that his guilty plea should be set aside because he was not informed he was pleading guilty to a crime of violence, thereby subjecting him to the notification requirements of 18 U.S.C. 4042(b). Judge Moody dismissed the petition because Lee failed to pursue his administrative remedies.

In 2017, Lee filed another motion for authorization with the Sixth Circuit. See Docket Entry 1 at CM/ECF 33. In the motion, he asked that he be allowed to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 because he is no longer a repeat offender. The Sixth Circuit denied the motion for authorization.

In October of 2017, Lee filed a motion to vacate the judgment of conviction and withdraw his guilty plea in the Western District of Tennessee. See Docket Entry 1 at CM/ECF 14. In the motion, Lee maintained the following:

> … [Lee] has "new evidence" that could not have been discovered previously, permitting the courts to consider his proposed successive 2255 motion under 28 U.S.C. 2255(f)(4). Specifically, Lee claims that he was only recently informed that federal law requires him to register as a sex offender upon his release from prison in December 2018 and that the failure to notify him of this statutory requirement at his plea hearing or at his sentencing hearing violated his right to due process. …

See Docket Entry 1 at CM/ECF 33. United States District Judge J. Daniel Breen construed the motion as a second or successive motion pursuant to 28 U.S.C. 2255 and transferred it to the Sixth Circuit for its consideration. The Sixth Circuit denied the motion in April of 2018 and gave the following reasons for doing so:

> Lee must obtain this court's [i.e., the Sixth Circuit's] permission to file a second or successive motion to vacate his sentence under 2255. … He must make a prima facie showing: 1) that there is newly discovered evidence that, if proven and viewed in light of the evidence as a whole, sufficiently establishes that no reasonable factfinder would have found him guilty; or 2) that a new rule of constitutional law applies to his case which the Supreme Court has made retroactive to cases on collateral review. … As the government points out, Lee's claim regarding the alleged omission of his required sex offender registration in his plea agreement or at sentencing does not meet either of these requirements.

See Docket Entry 1 at CM/ECF 33-34.

In May of 2018, Lee began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he advanced the following two claims: 1) his guilty plea was obtained "in violation of Due Process resulting in a structural error rendering the judgment void ab initio," and 2) his decision to enter into

4

a plea agreement was not a "knowing, intelligent choice and was therefore entered in violations of Rule 11 of the Federal Rules of Criminal Procedure." See Docket Entry 1 at CM/ECF 6-7. Lee so maintained because it was "never disclosed to [him] that he must comply with the statutory sex offender registration requirements under both State and federal law after [the] completion of his sentence and while serving his Life term of supervised release." See Docket Entry 1 at CM/ECF 12. He maintained that a remedy under 28 U.S.C. 2255 is inadequate or ineffective because he was not aware of the registration requirement when he filed his first motion pursuant to 28 U.S.C. 2255. He asked that he be allowed to withdraw his guilty plea and proceed to trial.

Respondent Gene Beasley ("Beasley") thereafter filed a response to Lee's petition. In the response, Beasley maintained that the petition should be dismissed because the Court lacks subject matter jurisdiction and, alternatively, because the petition lacks merit.[1]

Lee filed a reply in which he continued to maintain that he was not notified until recently of his obligation to register as a sex offender. He also alleged that the BOP has improperly amended or otherwise modified his sentence by enforcing the registration requirement. Specifically, he alleged the following:

---

[1] Beasley specifically maintained that Lee cannot show a 28 U.S.C. 2255 remedy in the sentencing court is inadequate or ineffective, and his petition should be dismissed for lack of subject matter jurisdiction. With respect to the merit of the petition, Beasley alleged the following:

> ... laws that require notification to law enforcement when an inmate is released, and registration of sex offenders, are not considered punitive in nature. ... Lee does not cite any authority holding that lack of knowledge of laws requiring him to register as a sex offender upon his release would invalidate an otherwise voluntary guilty plea. Furthermore, Lee pleaded guilty before the federal sex offender registration was enacted. ... Lee does not indicate when the Tennessee sex offender registration law went into effect. His petition should be denied for lack of merit.

See Docket Entry 7 at CM/ECF 2-3.

> … As part of pre-release planning, the [BOP] has informed Petitioner that he must register as a sex offender under SORNA [i.e., the Sex Offender Registration and Notification Act] and that the [BOP] will automatically register him with State authorities 5-days prior to his release. In other words, the Petitioner has no choice but to comply-even though this obligation was not imposed by his sentencing court.

See Docket Entry 10 at CM/ECF 2. As to whether a remedy pursuant to 28 U.S.C. 2255 in the sentencing court is inadequate or ineffective, he alleged the following:

> … But if, as Lee has shown, the issue here deals directly with the "fact or duration of confinement," then this action IS properly brought in this Court via section 2241. … Lee had no prior notice that he would be required by statute to register as a sex offender under state and federal law—even though this requirement existed prior to SORNA under the Jacob Wetterling Act. Unfortunately, Lee's sentencing court never disclosed to him this important statutory requirement prior to entry of his guilty plea and also at his sentencing.

See Docket Entry 10 at 4 [Emphasis in original].

"Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct [his] sentence under 28 U.S.C. 2255." See Alexander v. Haynes, 2013 WL 5507665, 3 (E.D. Ark. 2013) (Miller, J.). He may challenge the execution of his sentence, though, by filing a petition pursuant to 28 U.S.C. 2241 in the district of his incarceration. See Id. The scope of the latter proceeding is as follows:

> A court cannot entertain a petition for habeas corpus under 2241, "if it appears that the applicant has failed to apply for relief, by [2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). This latter provision is generally referred to as 2255's savings clause.

6

>To qualify for the savings clause, a petitioner must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. Lopez-Lopez, 590 F.3d at 907 (citing Abdullah, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275, 154 L.Ed.2d 117 (2002). The fact that an individual is barred from filing a 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. Lopez-Lopez, 590 F.3d at 907. The 2255 remedy is not inadequate or ineffective because the claim was previously raised in a 2255 motion but rejected because the petitioner was denied leave to file a second or successive 2255 petition or because a 2255 petition was time-barred. Id.

See Id. The phrase "inadequate or ineffective" has not been thoroughly defined. See United States v. Lurie, 207 F.3d 1075 (8th Cir. 2000).[2] Courts have, though, identified some of the conditions a petitioner must satisfy to gain the benefit of the savings clause. For instance, in Mathison v. Berkebile, 988 F.Supp.2d 1091, 1097-1098 (D.S.D. 2013), a federal district court in this circuit adopted the following conditions articulated in Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001):

>[T]he savings clause of 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first 2255 motion.

---

[2] "While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a 2255 motion. See, e.g., In re Davenport, 147 F.3d 605, 608 (7th Cir.1998) (noting that it can't be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241). Specifically, the 2255 motion is not inadequate or ineffective merely because 2255 relief has already been denied, [citations omitted], or because petitioner has been denied permission to file a second or successive § 2255 motion, [citations omitted], or because a second or successive 2255 motion has been dismissed, [citation omitted], or because petitioner has allowed the one year statute of limitations and/or grace period to expire, [citation omitted].

United States v. Lurie, 207 F.3d at 1077.

Lee maintains that his guilty plea is invalid because he was only recently notified of his obligation to register as a sex offender. His claim challenges the fact or duration of his confinement, as he readily admits. Consistent with Judge Breen's finding with respect to the identical claim, the undersigned finds that the pleading Lee filed to begin this case is one pursuant to 28 U.S.C. 2255.

The Eastern District of Arkansas is not the district of Lee's guilty plea and sentencing; the Western District of Tennessee is. He has already prosecuted one motion pursuant to 28 U.S.C. 2255 to a final resolution, one in which he challenged his trial attorney's representation, the prosecutor's conduct before the grand jury, and the evidence supporting his guilt. He also filed more than one motion for authorization with the Sixth Circuit, but each motion was denied. He additionally filed a motion to vacate the judgment of conviction and withdraw his guilty plea, a motion in which he raised the identical claim he raises in the case at bar. Judge Breen construed the motion as one pursuant to 28 U.S.C. 2255 and transferred it to the Sixth Circuit. There, the motion was construed as one for authorization and denied it. In short, Lee has never obtained permission to file a second or successive motion pursuant to 28 U.S.C. 2255 from the Sixth Circuit. Accordingly, the undersigned cannot entertain the motion at bar unless he can show that the remedy afforded by 28 U.S.C. 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. 2255(e).

Lee maintains that the remedy afforded by 28 U.S.C. 2255 is inadequate or ineffective because he was not aware of the sex offender registration requirement when he filed his first motion pursuant to 28 U.S.C. 2255. It may well be true that he was not aware of the requirement when he filed his first motion pursuant to 28 U.S.C.

2255. He was, though, aware of the requirement when he filed a motion to vacate the judgment of conviction and withdraw his guilty plea in the Western District of Tennessee, a proceeding in which he raised the identical claim he now raises. Judge Breen construed the motion as one pursuant to 28 U.S.C. 2255 and transferred it to the Sixth Circuit. There, the motion was denied because Lee could not show either: 1) that there is newly discovered evidence that, if proven and viewed in light of the evidence as a whole, sufficiently establishes that no reasonable factfinder would have found him guilty; or 2) that a new rule of constitutional law applies to his case which the Supreme Court has made retroactive to cases on collateral review. The undersigned agrees with, and adopts, the findings of the Sixth Circuit, and it is why he cannot show that the remedy afforded by 28 U.S.C. 2255 is inadequate or ineffective in this instance.

Alternatively, the Reyes-Requena v. United States factors that were noted in Mathison v. Berkebile are couched in slightly different terms than the factors articulated by the Sixth Circuit in denying Lee's most recent motion for authorization. Applying the Reyes-Requena v. United States factors to this case, the result is the same. Lee's claims are not based on retroactively applicable Supreme Court decisions which establish that he may have been convicted of a nonexistent offense, and the claims were not foreclosed by circuit law at the time when the claims should have been raised at his guilty plea or in his first 28 U.S.C. 2255 motion.

Notwithstanding the foregoing, Lee maintains that the BOP has improperly amended or otherwise modified his sentence by enforcing the sex offender registration requirement. The assertion appears to challenge a condition of his supervised release and might possibly be within the purview of 28 U.S.C. 2241. The assertion will not be

9

considered at this time, though, because it was not specifically raised as a claim in the case at bar and was not fully briefed by the parties. Moreover, the scope of this case is limited to challenges to his guilty plea and does not encompass a challenge to a condition of his supervised release.

In conclusion, the Court finds that the case at bar is one pursuant to 28 U.S.C. 2255. Lee's attempt to characterize it as one pursuant to 28 U.S.C. 2241 is misplaced because he is challenging the validity of his guilty plea. The "savings clause" codified in 28 U.S.C. 2255(e) is of no help to him because he cannot show that the relief afforded by that section is inadequate or ineffective. Having previously filed a motion pursuant to 28 U.S.C. 2255, Lee must obtain the approval of the Sixth Circuit before filing a second or successive motion. He has not obtained the required approval, and, as a result, the petition at bar should be dismissed for lack of subject matter jurisdiction. All requested relief should be denied, and judgment should be entered for Beasley.

DATED this 10th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE